IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.    18-cr-589

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.   MIGUEL RODRIGO ESPINOZA-SALCIDO

     Defendant.

---

## GOVERNMENT'S EMERGENCY MOTION TO REVOKE MAGISTRATE JUDGE'S RELEASE ORDER

---

Pursuant to 18 U.S.C. § 3145(a)(1), the United States moves the Court to revoke the order of U.S. Magistrate Judge Michael E. Hegarty authorizing defendant MIGUEL RODRIGO ESPINOZA-SALCIDO's pretrial release. The government was denied the opportunity to develop a factual record resolving material questions and inconsistencies regarding the possible risk of flight in this case.   For the reasons set forth below, the defendant's circumstances are the sort presenting the "serious risk of flight" that the law requires be fully analyzed at a detention hearing.   Because of that risk, explained in more detail below, the government respectfully requests that the court issue an arrest warrant and hold a detention hearing at the earliest possible date.

## I.      BACKGROUND

### A.      Proffer of Facts Regarding the Defendant's Pattern of Illegal Activity[1]

A grand jury indicted the defendant for illegally entering the United States in violation of 8 U.S.C. § 1326(a) on December 19, 2018.   ECF No. 1.   The indictment provides a notice that the defendant is subject to the enhanced penalty set forth at 8 U.S.C. §   1326(b)(1) because of a prior conviction for burglary.

The defendant has demonstrated repeated disrespect for the law of the United States.   He came to the United States illegally from Mexico.   In May 2010 he was convicted of burglarizing a dwelling — a class 3 felony in Colorado — and sentenced to three years of probation.

That same year, 2010, the defendant was ordered removed from the United States for the first time.   The order was carried out on or about April 13, 2010.   But in December, 2010 — just a few months later — he was caught flouting that order by border patrol, which found him about twenty miles east of Lukeville, Arizona.   The defendant admitted that he was not a citizen of the United States and that he knew he did not have authority to be in the United States.   After this incident, he was criminally prosecuted in the District of Arizona for violating 8 U.S.C.

---

[1] The detention statute authorizes the court to present information regarding detention by proffer.   *See* 18 U.S.C. § 3142(f) (noting that proceedings may be by proffer); *United States v. Delker*, 757 F.2d 1390, 1395-96 (3d Cir. 1985) (exploring legislative history of Bail Reform Act and concluding that district courts have discretion to conduct detention hearing by proffer); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) ("We hold that the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing.").   The information in this section is either derived from the affidavit supporting the complaint, which is incorporated here by reference, or from other evidence that the government is prepared to offer through the testimony of an investigating agent.   *See* Complaint, 18-mj-1202-NRN, ECF No.1 (D. Colo. Nov. 8, 2018).

§ 1325, sentenced to 60 days' imprisonment, and, after serving that sentence, once again removed to Mexico on February 8, 2010.

Neither the two previous removals nor the criminal prosecution deterred the defendant. In January 2016, Aurora police encountered him at a residence in Aurora, Colorado after his then-girlfriend called the police to report that he had threatened to kill her.   There, the defendant threatened to attack the arresting officer.   His girlfriend told the police that she wanted a restraining order and that the defendant had a gun.   However, she refused to write a statement or to accept paperwork regarding domestic violence.   In April 2016 the defendant pleaded guilty to a misdemeanor offense (failure to obey order) and was given a suspended sentence of 364 days in jail.

In September 2016 the defendant was arrested by Immigration and Customs Enforcement ("ICE") Deportation Officers.   He once again admitted that he had illegally entered the United States — this time on Christmas Day, December 25, 2014 — and the he did not have authorization to be in the United States.   Once again, on October 29, 2016, he was removed to Mexico.

Once again, the defendant illegally entered the country.   On December 3, 2018 the defendant was spotted by surveillance at the same residence in Aurora.   Deportation Officers pulled him over while he was driving his truck and took him into custody.   There, after being advised of his *Miranda* rights, he once against admitted to being a citizen of Mexico who had entered the United States illegally and without authorization.   He told the offices that he paid a smuggler $6,000 to get him across the border in approximately June 2016.

3

### B.        The Proceedings Below

The defendant appeared before a magistrate judge at 12:30 on December 21, 2018. Before the defendant's appearance, pretrial services was able to prepare a preliminary report with information relevant to the defendant's risks of flight.   The report was internally inconsistent. First, the report stated that the defendant had lived at a residence with his wife for 5 years. But it then stated that the defendant had previously been deported in 2016.   Second, the report noted that the defendant had been through a period of homelessness.   But it also stated that the defendant was living with his wife and children at a residence.   The report's criminal history was also incomplete because it failed to list the defendant's prior conviction under 8 U.S.C § 1325(a).

The government proffered that the defendant was a risk of flight because of his pattern of illegal activity, the weight of the evidence against the defendant, and the incentive to flee created by the likelihood of a jail sentence and deportation.   The government asked for a detention hearing and for a continuance so that (1) pretrial services could have time to reconcile the inconsistences in the report and (2) the government could prepare for a full detention hearing and the presentation of evidence.   The magistrate judge denied that request.   The government asked for a stay of the release so that it could make such a record before the district court.   The magistrate judge refused the stay.   The government filed an emergency motion for a stay after the hearing, but the defendant was released before this court could enter a stay order.

The defendant is now free on a $10,000 unsecured bond pursuant to an order of release that imposes, among other conditions, home detention and GPS monitoring. ECF No. 11.

## II.   THE GOVERNMENT HAS BEEN IRREVOCABLY HARMED BY THE MAGISTRATE JUDGE'S DISREGARD FOR THE GOVERNMENT's REQUEST FOR A CONTINUANCE

The facts proffered by the United States at the defendant's initial appearance — that the defendant had been previously deported three times, that he had previously been convicted of a felony, that the weight of the evidence was strong, and that he was facing the possibility of jail time — were sufficient to establish that this is a case that "involves" a serious risk of flight under 18 U.S.C. § 3142.   Accordingly, the government moved for detention. To give pretrial services time to answer questions raised by its very preliminary report, and to give sufficient time to prepare for a hearing, the government asked for a continuance.

The text of the statute entitles the government to a detention hearing and time to prepare for it. 18 U.S.C. § 3142(f) (saying that hearing shall be immediately *unless* the government asks for a continuance and providing that such a continuance should not exceed three days unless there is "good cause"); *United States v. Melendez-Carrion*, 790 F.3d 984, 991 (2d Cir. 1986) (recognizing government's authority to seek the continuance); *United States v. O'Shaughnessy*, 764 F.2d 1035, 2018 (5th Cir. 1985) (noting the "clear, unambiguous, and mandatory statutory language" of § 3412 and the government's "right" to a three day continuance).

This procedure ensures (1) that pretrial services — a neutral arbiter who can provide the magistrate with an objective recommendation — has time to fully consider the issue of detention and (2) that the government, responding to the often quick-moving exigencies associated with arrests, can process the information it learned on the days surrounding the arrest and present it to the court in an orderly manner.   Because this procedure was not followed here, the government was unable to make a full record.

5

The government respectfully requests that the Court issue an arrest warrant so that the defendant can be brought to court for a full hearing.   The magistrate judge released the defendant without the benefit of a hearing to develop the factual record that is necessary to make fully-informed decisions about the risks of flight in this case.   Furthermore, for the reasons set forth in the government's (now moot) emergency motion for a stay, the magistrate judge's refusal to give the government a hearing, combined with the refusal to stay the order pending appeal, frustrates the ability of the District Court to meaningfully review issues relating to pretrial detention.

For all of these reason, the government respectfully requests that the court (1) revoke the magistrate judge's order of release, ECF No. 11, (2) issue a warrant for the defendant's arrest so that he can be brought to court forthwith for a detention hearing, and (3) hold a detention hearing at the earliest possible date, 18 U.S.C. §   3145(a) (requiring that release orders be reviewed by "court having original jurisdiction over the offense"); *United States v. Cisneros*, 328 F.3d 610

(10th Cir. 2003) (holding that review of release order by a magistrate just "should be considered and ruled upon in the first instance by a *district judge* in the court of original jurisdiction") (emphasis added).

Dated this 21st day of December 2018.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:   s/ *Bryan David Fields*
Bryan David Fields
Assistant U.S. Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
(303) 454-0100
Fax: (303) 454-0409
Bryan.Fields3@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 21st day of December, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Bryan David Fields*_____
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov