IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-CR-00589-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MIGUEL RODRIGO ESPINOZA-SALCIDO,

       Defendant.

_____

**DEFENDANT'S RESPONSE TO GOVERNMENT'S STATEMENT
IN SUPPORT OF REMANDING DEFENDANT FOLLOWING
ENTRY OF GUILTY PLEA PURSUANT TO 18 U.S.C. § 3143**

_____

       Mr. Miguel Espinoza-Salcido, by and through his attorney, Natalie G. Stricklin,

files this response to the Government's Statement in Support of Remanding Defendant

Following Entry of Guilty Plea Pursuant to 18 U.S.C. § 3143 (Doc. # 36).  Mr. Espinoza-

Salcido requests this Court deny the government's request for remand and allow Mr.

Espinoza-Salcido to remain on bond pending sentencing.  In support thereof, Mr.

Espinoza-Salcido states as follows:

       1.     On December 27, 2018, Mr. Espinoza entered a not guilty plea to a one-

count indictment charging Illegal Re-entry, in violation of 13 U.S.C. § 1326.   A notice of

disposition was filed on April 26, 2019, and a change of plea hearing is set for June 7,

2019, at 2:00 p.m.

       2.     Prior to his arraignment, on December 21, 2018, Mr. Espinoza was

released on bond.  Conditions of his bond included that he submit to supervision by the

U.S. Probation Office, abide by a travel restriction, not use alcohol excessively, not possess a narcotic drug or controlled substance, participate in home detention, and submit to GPS location monitoring.  Doc. #11, paragraph 7.

3.      Mr. Espinoza was, and remains, compliant with his conditions of release.

4.      In early May of 2019, Mr. Espinoza's supervising officer, Mr. Carlos Morales, contacted undersigned counsel and informed her that he had no objection to removing the condition of home detention and substituting the condition of a curfew. USPO Morales recommended this substitution of conditions in order to give Mr. Espinoza more freedom to go about his daily activities without having to get prior approval from pretrial.   Substituting these conditions would give Mr. Espinoza more freedom to take his daughter to and from school, help out with his family landscaping business, go grocery shopping, and participate in other routine day-to-day activities without having to call to get permission each time.   Mr. Morales agreed that removing the home detention and implementing a curfew plus the unchanged condition requiring GPS location monitoring was sufficient to address location restriction and monitoring.

5.      Over government objection and after a hearing, Magistrate Judge Hegarty granted Mr. Espinoza-Salcido's request and removed the condition of home detention, but added a curfew.  Judge Hegarty also added a condition that Mr. Espinoza-Salcido not consume any alcohol or visit bar, lounges, or social clubs, that he submit to drug testing, and further ordered that Mr. Espinoza-Salcido be permitted to attend the wedding of his stepdaughter at the end of June 2019 subject to a reasonable curfew extension as directed by pretrial services.

6.      On June 4, 2019, this Court inquired as to the parties' positions regarding whether Mr. Espinoza-Salcido should remain on pretrial release following entry of his guilty plea pending imposition of sentence.  Doc. # 35.  The government filed a statement requesting remand on June 4, 2019.  Doc. # 36.

7.      In its request for remand, the government cites the same rationale that it has cited in opposition to Mr. Espinoza-Salcido's original request for release, motion to revoke the Magistrate Judge's order of release, and in opposition to his request for a bond modification.  Namely, that Mr. Espinoza-Salcido is an alien, has previously been deported, and has two prior convictions (one of which is a juvenile adjudication and the second occurred nearly 10 years ago).  The Magistrate Judge and this Court have found this rationale unpersuasive.

8.      18 U.S.C. § 3143 requires the judicial officer order that a person who has been found guilty of an offense and is awaiting sentencing, other than a person for whom the applicable guideline range does not recommend a term of imprisonment, be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  If the judicial officer makes such a finding, "such judicial officer shall order the release of the person…"

9.      Other than providing an estimated guideline range and informing the Court of a burden shift, the government cites no additional grounds in support of its request to remand Mr. Espinoza-Salcido.

10.     While it is true that the estimated guideline range in Mr. Espinoza-Salcido's plea agreement is 8-14 months imprisonment, the government fails to

3

acknowledge that this estimated range, resulting from an offense level of 10 and criminal history category of II, falls within Zone B of the guidelines.  U.S.S.G. § 5C1.1(c) provides that for ranges falling within Zone B, the minimum term of imprisonment may be satisfied by "a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment…" U.S.S.G. § 5C1.1(c)(3).  Therefore, the issue of whether this guideline range truly recommends detention is not as clear as the government states it to be.  Because the guidelines recommend that a Zone B sentence can be satisfied by probation, it is unclear whether the Court should consider remand at all.

11.    However, if the Court determines that further consideration is appropriate, Mr. Espinoza-Salcido states the following information to support by clear and convincing evidence that he is not a flight risk:

a.    Mr. Espinoza-Salcido lives at 1690 S. Naples Street in Aurora, Colorado with his wife, Kelly; five-year-old daughter, Kristian; and 18-year-old stepson, Dominic.  The family has lived at the same address for over five years, since November of 2013.  His family connections, further detailed below, demonstrate that he is not a flight risk.

b.    Mr. Espinoza-Salcido's stepdaughter, Gabriel, is getting married in Brighton on June 29, 2019.  Attending this wedding is incredibly important to him.  He brought this to the attention of the Magistrate Judge in order to determine the parameters of his ability to attend while on bond.

c.    Mr. Espinoza-Salcido's daughter, Kristian, suffers from a cleft lip and palate and hearing loss in her right ear and is currently being treated at Children's

Hospital in Aurora.  She is seen by a team of doctors and counselors as part of the multidisciplinary clinic.  She has speech therapy twice a week, was recently hospitalized for RSV, and is seen in the multidisciplinary clinic at least once a year.  He attends her doctors' appointments regularly.

d.      Mr. Espinoza-Salcido also has a 10-year-old daughter, Liana, who lives in Denver, Colorado.  Prior to his arrest by ICE in December of 2018, Mr. Espinoza-Salcido shared 50-50 custody with Liana's mother.

e.      Mr. Espinoza-Salcido and Kelly own a landscaping business. Mike's Lawn Care was established in May of 2013.  Currently, the business has 991 customers.  The company provides landscaping, hardscaping, irrigation, sod, power raking, and clean-up services.

f.      At the time of his initial release, in response to the government's emergency motion to revoke, Mr. Espinoza-Salcido submitted several letters to the Court.  The information in those letters remains accurate.  The letters were attached as Exhibit A to Doc. #19.

g.      Mr. Espinoza-Salcido has been on bond since his release on December 21, 2018, nearly 6 months.  He has been compliant with his bond conditions. He is subject to GPS location monitoring and has had no violations.  He has paid for that monitoring.  If he were to travel out of zone, the GPS monitor would immediately notify pretrial services.  His bond was recently modified from home detention to the less restrictive curfew requirement.  He has been compliant with his curfew.   He has appeared for court dates, meetings with probation, and meetings with counsel.

h.    Mr. Espinoza-Salcido has been subject to ICE detainer since November of 2018.  ICE has made no known attempt to arrest him pursuant to that detainer.   He has never attempted to flee and simply because he intends on entering a guilty plea does not somehow render him a flight risk.

12.    Mr. Espinoza-Salcido states the following information to support by clear and convincing evidence that he is not a danger to the safety of others or the community:

a.    Mr. Espinoza-Salcido's last felony conviction occurred in November of 2009.  At that time he was sentenced to 3 years probation.  He was 18 years old.

b.    Mr. Espinoza-Salcido's last criminal offense of any kind occurred in December of 2016 when he was charged with the traffic offense of driving with expired plates.

c.    According to discovery materials, Mr. Espinoza-Salcido came to the attention of immigration authorities on November 7, 2018, when they received a tip that Mr. Espinoza-Salcido was illegally in the country.  On December 3, 2018, ICE officials conducted surveillance on Mr. Espinoza-Salcido's home, waited for him to leave, followed him in their vehicles for approximately 8 miles, and initiated a traffic stop for an expired temporary tag (the expiration date was November 30, 2018, 4 days prior to the stop).

WHEREFORE, Mr. Espinoza-Salcido requests the Court deny the government's request for remand and allow him to remain on pretrial release pending sentencing.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Natalie G. Stricklin
Natalie G. Stricklin
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Natalie_Stricklin@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I electronically filed the foregoing **Defendant's Response to Government's Statement in Support of Remanding Defendant Following Entry of Guilty Plea Pursuant to 18 U.S.C. § 3143** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

> Justin M. DeRosa, Assistant United States Attorney
> Email: justin.derosa@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

> Miguel Rodrigo Espinoza-Salcido *(via email)*

> s/ Natalie G. Stricklin
> Natalie G. Stricklin
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> Natalie_Stricklin@fd.org
> Attorney for Defendant